

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,443-01

### EX PARTE JERRY DALE JONES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1407048 IN THE 178TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged by information with possession of a controlled substance, methamphetamine, in an amount of more than one gram but less than four grams. The information also alleged that Applicant had a prior felony conviction for burglary of habitation. On November 5, 2011, Applicant pleaded guilty to the offense as charged in the information, and was sentenced to three years' imprisonment. He did not appeal his conviction.

Applicant contends that his plea was involuntary and that his conviction constitutes a denial of due process, because the judgment reflects that he was convicted of possessing more than one gram but less than four grams of cocaine. Applicant alleges that on November 11, 2013, six days after he entered his plea, the substance was analyzed by the laboratory and found not to contain cocaine. Applicant alleges that he would not have pleaded guilty had he known that the evidence did not support the charge to which he pleaded guilty, and that there is no evidence to support his conviction for possessing more than one gram but less than four grams of cocaine.

Although the judgment in this case indicates that Applicant was convicted of possessing more than one gram but less than four grams of cocaine, the charging document and the waivers, stipulations and judicial confession in this case show that Applicant was pleading guilty to possessing more than one gram but less than four gram of methamphetamine. The laboratory report indicates that the substance possessed by Applicant was analyzed and found to be methamphetamine, with a net weight of 0.862 grams. The judgment also indicates that Applicant pleaded "true" to the enhancement allegation, and that it was found to be true by the trial court. However, the judgment and the plea papers indicate that Applicant was admonished as to, and pleaded guilty to a third degree felony. Possession of more than one gram but less than four grams of either cocaine or methamphetamine is a third degree felony, and a single prior felony conviction would enhance the penalty range to that of a second degree felony. Possession of less than a gram of either substance would be a state jail felony, which could not be enhanced using a single prior felony conviction.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any

means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

The trial court shall first supplement the record with a transcript of the plea proceedings in this case. The trial court shall make findings of fact as to whether Applicant was admonished as to the correct punishment range for the offense as charged, and as to whether Applicant pleaded guilty to possessing more than one gram but less than four grams of methamphetamine, as reflected in the information, waivers, stipulations and judicial confession, or cocaine, as reflected in the judgment. The trial court shall also make findings as to whether Applicant pleaded "true" to the enhancement allegation. If there are errors on the judgment in this case, the trial court shall make findings of fact as to whether those errors are clerical errors subject to correction by way of a judgment *nunc pro tunc*. The trial court shall make findings of fact and conclusions of law as to whether the results of the analysis performed by the laboratory support the charge to which Applicant pleaded guilty in this case. The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: December 10, 2014
Do not publish